## MATHES v. WALKER.

### No. 9185.

Court of Civil Appeals of Texas. San Antonio.

Nov. 29, 1933.

Rehearing Denied Jan. 10, 1934.

Chas. M. Wunderman, of Harlingen, and C. K. Richards, of Brownsville, for appellant.

E. T. Yates, of Brownsville, for appellee.

MURRAY, Justice.

W. G. Mathes, appellant, instituted this suit against George F. Walker, appellee, alleging that he had paid to Walker usurious interest, and seeking a recovery in double the amount of same. The trial was before the court without a jury, and from an adverse judgment Mathes has appealed.

Appellant contends that he had a number of simulated land deals with appellee, which were in fact mere subterfuges to cover up the bonus or usury demanded by Walker for a loan of certain sums of money. Appellee's contention is that these transactions were not simulated deals but in fact bona fide transactions, and that the instruments which are in the form of deeds are in fact deeds and not mortgages. Appellee further contends that appellant has not paid to him the money originally advanced, but that they did have an accord and satisfaction in which appellant conveyed to him certain property in full satisfaction of all his indebtedness, and that this property was conveyed without reference to value, and that debts were canceled without respect to amounts. Appellee further contends that, if the land conveyed was worth all that appellant contends that it was worth, appellant would still be indebted to appellee, and the alleged usurious bonus would still remain unpaid.

The trial judge, after hearing the evidence, which was conflicting, decided in favor of appellee, and, in the absence of a request for findings of fact by the trial judge, it will be presumed that all conflicts of testimony were decided in favor of appellee, and so as to uphold, if possible, under any theory of the case, the judgment rendered below.

■ The burden of proving that these transactions were mere pretended transactions for the purpose of covering up usury was upon appellant. He also had the burden of proving that the deeds which were regular in form were not in fact deeds but mortgages. This he did not do. The evidence was conflicting on these questions, and the implied findings of the trial judge that these transactions were real and not pretended will not be disturbed by this court.

■ It is further contended by appellant that he should have been permitted to prove the value of the land transferred by him to appellee in settlement of these matters, in order to enable him to show that he had in fact paid usury. The trial court having made an implied finding that these dealings were insufficient to show a usurious agreement, the value of the property transferred in settlement of same became immaterial.

■ Appellant further complains of the trial court's action in dismissing appellee's cross-action, without prejudice, because the record does not show that appellee made a written request of such dismissal and appellant's counsel heard no oral motion to this effect.

The judgment in this case recites that it appears to the court that defendant (appellee) stated that he would not prosecute his cross-action, and that he desired the same to be dismissed without prejudice, and that he offered no evidence on the same. This is sufficient to constitute a finding by the trial court that such a motion to dismiss was made by appellee, and we are bound by such finding.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.